UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60762
_____


MARY CREAR COVAN,

Petitioner,

versus

INGALLS SHIPBUILDING, INC.; DIRECTOR,
OFFICE OF WORKER'S COMPENSATION PROGRAMS,
U.S. DEPARTMENT OF LABOR,

Respondents.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(94-491)
_____

September 23, 1997


Before JONES, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

## I.  BACKGROUND

On January 31, 1990, Mary Crear Covan filed a claim for

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disability insurance benefits against her employer, Ingalls Shipbuilding, Inc. ("Ingalls"), under the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901 *et seq.* Covan was a welder for Ingalls when she fell and injured her right knee. Ingalls provided temporary total disability during her convalescence from two knee surgeries. Ingalls provided Covan with vocational assistance in seeking another job, but Covan resumed her work for Ingalls on July 31, 1991 after a welding position with slightly modified duties became available. In February, 1993 Covan returned to the physician who had treated her knee, in order to increase her work restrictions. Her physician placed greater restrictions on her, especially regarding tasks involving climbing, crawling, and stooping. Ingalls was unable to employ her with these restrictions, and attempted to help Covan find work elsewhere. Covan sued Ingalls, alleging permanent and total disability under 33 U.S.C. § 908(a) of the LHWCA. The trial was held before an Administrative Law Judge (ALJ). The ALJ determined in a written order that Covan was entitled to temporary total disability payments for the period from December 18, 1989 (the date of Covan's injury) to July 31, 1991 (when Covan was deemed recovered from her second surgery), but that Covan was limited thereafter to compensation for a permanent partial disability of a scheduled injury of 15% impairment of her right leg, pursuant to § 908(c)(2). The ALJ

also awarded Covan interest on her past due compensation, attorney's fees and costs, and required Ingalls to pay any future medical treatment necessary and reasonable for the work-related injury.

Covan appealed to the Benefits Review Board, which failed to rule on the appeal within a year, thereby affirming the ALJ decision as a matter of law. *See* Omnibus Appropriations for Fiscal Year 1996, Pub.L. No. 104-134, S 101(d), 110 Stat. 1321-219 (enacted 1996). On appeal, Covan argues the ALJ erred in not awarding her permanent total disability, because the employer failed to show suitable alternative employment.

## II.  STANDARD OF REVIEW

This court reviews the decision of the Benefits Review Board with the same standard the Board applies to an ALJ, determining whether the ALJ's decision "is supported by substantial evidence and is in accordance with law." *New Thoughts Finishing Co. v. Chilton*, No. 96-60686, 1997 WL 420161, at *2 (5th Cir. June 17, 1997). The ALJ determines the weight and credibility of the evidence, and may accept or reject any part of a medical expert's testimony. *Mendoza v. Marine Personnel Co., Inc.*, 46 F.3d 498, 500-501 (5th Cir. 1995).

## III.  ANALYSIS

In order to establish a *prima facie* case of entitlement to total disability benefits, a plaintiff must show that he

3

cannot return to his regular or usual employment because of his work-related injury. *New Orleans (Gulfwide) Stevedores, Inc. v. Turner*, 661 F.2d 1031, 1038 (5th Cir. 1981). In the instant case, the ALJ found (and Ingalls does not dispute) that Covan established her *prima facie* case by providing medical testimony that her knee injury prevented her from returning to her work as a welder, her job at the time her injury. Thus, the burden shifted to Ingalls to show the availability of realistic job opportunities in Covan's community. *Id.* at 1042-43. This court has set out the employer's burden at this point as follows:

> (1) Considering claimant's age, background, etc., what can the claimant physically and mentally do following his injury, that is, *what types of jobs is he capable of performing or capable of being trained to do?*

> (2) Within this category of jobs that the claimant is reasonably capable of performing, *are there jobs reasonably available in the community for which the claimant is able to compete and which he could realistically and likely secure?* This second question in effect requires a determination of whether there exists a reasonable likelihood, given the claimant's age, education, and vocational background that he would be hired if he diligently sought the job. . . . If the employer meets this burden, the claimant may still establish disability by demonstrating that he 'diligently tried, [but was] unable, to secure such [alternative] employment.'

*Avondale Shipyards, Inc. v. Guidry*, 967 F.2d 1039, 1043 (5th Cir. 1992) (citations omitted, emphasis in the original).

Covan argues that Ingalls failed to show that there were jobs located in Covan's immediate community, or positions

4

for which she was reasonably qualified.  Thus, she argues that the ALJ erred in finding there was suitable alternative employment, and that the ALJ erred as a matter of law in finding her partially disabled because of his finding that she had conducted a diligent but unsuccessful job search.

The ALJ heard testimony from a vocational counselor who testified that Covan was qualified for eight specific available job openings at the time of trial.  Though Covan asserts she does not meet the stated requirements of those positions, the vocational counselor testified that each of the potential employers had informed her that Covan was qualified and that they would consider her for the listed position.  The ALJ was entitled to give this testimony more credibility than that of Covan. Furthermore, Covan mischaracterizes the ALJ's finding regarding her job search, for the language of the ALJ decision clearly shows Covan failed to persuade the court on this issue: "Although claimant did *testify* to a diligent job search which was unsuccessful, I still find that Employer has satisfied his burden of proving that there is suitable alternative employment available to Claimant" (emphasis added).[2]

## IV.  CONCLUSION

The ALJ's decision was supported by substantial

---

[2]  The court may have been influenced by the fact that Covan applied for only some of the jobs identified by her vocational counselor in a March 25, 1993, job survey, and did not apply for any of the jobs on that list until the day before trial.

evidence.  Accordingly, the decision of the Benefits Review Board

is **AFFIRMED**.